# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES E. GRICE,

Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,

Agency.

DOCKET NUMBER
CH-0831-14-0442-I-1

DATE: September 25, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Charles E. Grice</u>, Milwaukee, Wisconsin, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant is a federal annuitant who retired under the Civil Service Retirement System in 2007.  Initial Appeal File (IAF), Tab 9 at 26.  When the appellant reached age 62 and became eligible for social security benefits, the Office of Personnel Management (OPM) adjusted his annuity to eliminate credit for military service he performed after 1956 because he had not made a deposit into the retirement fund for that service.  *Id.* at 9-10.  OPM issued a reconsideration decision to that effect on April 2, 2014.  *Id.*  The appellant appealed and, while his appeal was pending, OPM stated that it had decided to rescind its reconsideration decision and allow the appellant to make a belated deposit for his post-1956 military service. *Id.* at 4.

¶3        Based on OPM's statement that it rescinded the reconsideration decision and in light of Board precedent holding that OPM's complete rescission of a reconsideration decision divests the Board of jurisdiction over an appeal in which a reconsideration decision is at issue, the administrative judge ordered the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction.  IAF, Tab 10.  The appellant responded by presenting his view that he should be permitted to make a belated deposit for his post-1956 military

service, but he did not address the question of Board jurisdiction. IAF, Tab 11. The administrative judge thereafter issued an initial decision in which he found that OPM's rescission of the reconsideration decision divested the Board of jurisdiction over the appeal, and he dismissed the appeal for lack of jurisdiction. Initial Decision at 1-2.

¶4     The Board has jurisdiction to hear appeals of final OPM decisions under 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110. *Brown v. Office of Personnel Management*, 51 M.S.P.R. 261, 263 (1991). If OPM completely rescinds its reconsideration decision, the Board no longer retains jurisdiction over the appeal. *Redmond v. Office of Personnel Management*, 106 M.S.P.R. 544, ¶ 4 (2007); *Brown*, 51 M.S.P.R. at 263. Because OPM here completely rescinded its reconsideration decision, the Board no longer has jurisdiction over this appeal and the administrative judge correctly dismissed it.

¶5     In his petition for review, the appellant reiterates that he wishes to make a belated deposit into the retirement fund to cover his post-1956 military service. Petition for Review File, Tab 1. When OPM stated that it was rescinding the April 2, 2014 reconsideration decision, it also stated in writing that it would afford him the opportunity to make a belated deposit. IAF, Tab 9 at 4. Thus, even though the Board does not have jurisdiction over his appeal, it appears that OPM is granting the appellant the relief he seeks.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.